UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

UNITED STATES OF AMERICA              :    **STIPULATED**
                                          :    **PROTECTIVE ORDER**

        - v. -                         :

                                          :    21 Cr. 559 (SHS)

MAULABAKSH GORGEECH,          :
   a/k/a "Maula Baksh,"               :

           and                     :

NIAMATULLAH GORGEECH,         :
   a/k/a "Naimatullah,"              :
   a/k/a "Son of Hakeem Jamal Khan,"   :

           Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIDNEY H. STEIN, District Judge:

Upon the application of the United States of America, with the consent of the undersigned counsel, Steve Zissou, Esq. and Chris Renfroe, Esq., the Court hereby finds and orders as follows:

1.     The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and safety of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2.      Disclosure material shall not be disclosed by the defendants or their respective

defense counsel, including any successor counsel ("the defense") other than as set forth herein,

and shall be used by the defense solely for purposes of defending this action. The defense shall

not post any disclosure material on any Internet site or network site to which persons other than

the parties hereto have access, and shall not disclose any disclosure material to the media or any

third party except as set forth below. The disclosure materials provided by the Government to

defense counsel shall not be further disseminated by the defendants or their counsel to any

individuals, organizations or other entities, other than members of the defense team (limited to:

counsel of record; paralegals, investigators, translators, litigation support personnel, or secretarial

staff assisting counsel of record; and the defendant).

3.      Disclosure material or its contents may not be provided to any foreign persons or

entities (except if such persons or entities are members of the defense team) and may not be

transmitted outside of the United States for any purpose.

4.      Each of the individuals to whom disclosure of the disclosure material is made

shall be provided a copy of this Protective Order by defense counsel and will be advised by

defense counsel that he or she shall not further disseminate or discuss the materials and must

follow the terms of this Protective Order.

5.      The Government may authorize, in writing, the provision of disclosure material

beyond that otherwise permitted by this Order without further Order of this Court.

6.      Defense counsel may seek authorization of the Court, with notice to the

Government, to provide certain specified discovery materials to persons whose access to

discovery materials is otherwise prohibited by the preceding paragraphs, if it is determined by

2

the Court that such access is necessary for the purpose of preparing the defense of the case.

7.    All disclosure material is to be provided to the defendants, and used by the defense teams, solely for the purpose of allowing the defendants to prepare their defenses to the charges in the indictment, and that none of the discovery materials produced by the Government to the defendants shall be disseminated to any other third party in a manner that is inconsistent with the preceding paragraphs.

8.    Upon consent of all counsel, the Government is authorized to disclose to counsel for both defendants, for use solely as permitted herein, the entirety of ESI seized from each of the defendants, including but not limited to, the complete contents of cellphones seized from the defendants ("the seized ESI disclosure material").    The defendants, defense counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9.    At the conclusion of this case, defense counsel shall return to the Government all copies of the discovery materials provided in this case.

10.    Nothing in this Order prohibits the media from requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding.

11.    Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

12.    The Court retains discretion whether to afford protected treatment to any protected document or information contained in any protected document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or

3

decision by the Court.

AGREED AND CONSENTED TO:

by: _____          _____
    Kimberly J. Ravener                        Date
    Benjamin Woodside Schrier
    Assistant United States Attorneys

    **Steve Zissou** Digitally signed by Steve Zissou          11/24/2021
                     Date: 2021.11.24 09:50:14
                     -05'00'
    _____          _____
    Steve Zissou, Esq.                        Date
    Counsel for MAULABAKSH GORGEECH

    _____          _____
    Chris Renfroe, Esq.                       Date
    Counsel for NIAMATULLAH GORGEECH

SO ORDERED:

_____          _____
HON. SIDNEY H. STEIN                      Date
UNITED STATES DISTRICT JUDGE

4

decision by the Court.

AGREED AND CONSENTED TO:

by: **s/ Kimberly Ravener**                                    12/2/2021
    Kimberly J. Ravener                              Date
    Benjamin Woodside Schrier
    Assistant United States Attorneys


    Steve Zissou, Esq.                              Date
    Counsel for MAULABAKSH GORGEECH


    Chris Renfroe, Esq.                             11/27/2021
    Counsel for NIAMATULLAH GORGEECH                Date


SO ORDERED:


HON. SIDNEY H. STEIN                                12/3/2021
UNITED STATES DISTRICT JUDGE                        Date

4