UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATES OF AMERICA

    - v. -

MAULABAKSH GORGEECH,
a/k/a "Maula Baksh,"

        Defendant.

------------------------------------- x

PRELIMINARY ORDER OF
FORFEITURE AS TO SUBSTITUTE
ASSETS/
MONEY JUDGMENT

21 Cr. 559 (SHS)

WHEREAS, on or about February 28, 2023, MAULABAKSH GORGEECH (the "Defendant"), was charged in a two-count Superseding Information, S1 21 Cr. 559 (SHS) (the "Information"), with conspiracy to import heroin in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 3238 (Count One); and distributing narcotics for importation in violation of Title 21, United States Code, Sections 959(a) and 963, and Title 18, United States Code, Sections 3238 and 2 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, of any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information also included a substitute asset provision providing notice that if, as a result of the Defendant's actions or omissions, forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about April 11, 2021, the following assets were seized from the Defendant at the time of his arrest in Bangkok, Thailand: U.S. dollars, U.A.E. dirhams, Turkish liras, and Pakistani rupees totalling approximately $5,651.00 in United States currency (the "Substitute Assets");

WHEREAS, on or about February 28, 2023, the Defendant pled guilty to Counts One and Two of the Information pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information;

WHEREAS, the Government asserts that $35,000 in United States currency represents the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $35,000 representing the amount of proceeds traceable to the offenses charged in Counts One

and Two of the Information that the Defendant personally obtained and for which the Defendant is jointly and severally liable with his co-defendant NIAMATULLAH GORGEECH (the "Co-defendant"), to the extent a forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $35,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information, for which the Defendant is jointly and severally liable with the Co-defendant to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant; and

2. All right, title and interest of the Defendant in the Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment is final as to the Defendant, MAULABAKSH GORGEECH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Substitute Assets and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of further substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York

July 31, 2023

SO ORDERED

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE